## CONTRIBUTORY NEGLIGENCE OF CHILDREN.

[Hamilton County Circuit Court.]

THE CINCINNATI TRACTION COMPANY v. ROBERT E. BLACKSON, AN INFANT, BY HIS NEXT FRIEND, MILLIE BLACKSON.

Decided, February 10, 1905.

*Presumption—None Arises as to the Capacity of Children—From Five to Twelve Years of Age—To Avoid Danger—Contributory Negligence—Charge of the Court.*

1. Where the defense of contributory negligence has been interposed in the case of a boy eleven years of age, injured by being struck by an electric car, it is error to charge the jury that "in the absence of evidence of greater intelligence and capacity than is common to boys of his age, the law presumes that he is incapable of being charged with contributory negligence." No presumption arises

in such a matter, but the question of the capacity of the boy to avoid danger under the circumstances of the case is one to be left entirely to the jury under proper instructions.

2. It is the duty of a jury in considering a case of this kind to first determine the standard of conduct to which a child is to be held, by giving due consideration to its age, mental and physical development and environment, and then having fixed this standard, to measure that which the child has actually done by this standard, and determine whether or not the child has come up to it, or has failed.

JELKE, P. J.; SWING, J., and GIFFEN, J., concur.

This was an action brought by Robert E. Blackson, an infant, by his next friend, Millie Blackson, against the Cincinnati Traction Company, for personal injury alleged to have been received by the said Robert E. Blackson by being run down by the car of the defendant below, through the negligence of said defendant's servants, at the corner of Fifth and Plum streets, in this city.

Among other defenses was that of contributory negligence. Upon this subject, the court charged the jury:

"If, however, you find that this particular boy was more intelligent or had greater capacity to avoid danger than is common to boys of his age, then he should be charged with such intelligence and capacity. In the absence of evidence of such greater intelligence and capacity than is common to boys of his age, the law presumes that he is incapable of being charged with contributory negligence; but it is for the jury to say, from all the circumstances of the case, whether he is capable of exercising reasonable care and vigilance to see and avoid danger. If he is capable of so doing, he is chargeable with the exercise of reasonable care. If not, he can not be charged with contributory negligence."

The Cincinnati Traction Company, plaintiff in error, complained that this charge constitutes prejudicial error.

"The degree of care and caution required of a child must be measured by his age and capacity. But while the law makes due allowance for the thoughtlessness and indiscretion of youth, it does not hold children necessarily irresponsible. To the extent that a child has knowledge and understanding of the danger to which he is exposed, or where it is of such a nature as to be necessarily obvious even to one of his years, he is

under a legal duty to avoid it.   The standard of his duty and responsibility is measured by such reasonable care and prudence as usually characterize children of his age, intelligence and experience, and to that extent only is he held responsible in law for acts contributing to his own injury.   Much difficulty has been experienced in applying this rule; and, while in some cases courts have decided as a matter of law that an infant was clearly *sui juris*, and in others that he was not, in a far greater number of instances they have held that the capacity of the infant to understand and avoid danger was a question which should be submitted to the jury.   Usually it is held that children under five years of age can not be guilty of contributory negligence, and that children who have arrived at the age of twelve years may in law contribute to their own injuries.   But within those limits courts have usually considered the question one of fact and not of law, unless the child was of more than ordinary intelligence or the situation was such that a child of ordinary intelligence must necessarily realize his danger'' (Booth on Street Railway Law, Sec. 385, page 523).

It is the duty of the jury in considering a case of this kind to first determine the standard of conduct to which a child is to be held, by giving due consideration to its age, mental and physical development and environment, and then having fixed this standard, to measure that which the child has actually done by this standard and determine whether or not the child has come up to it or failed.

We are of opinion that it was error for the trial court to say:

"*In the absence of evidence of greater intelligence and capacity than is common to boys of his age, the law presumes that he is incapable of being charged with contributory negligence.*"

At the time of the accident, Robert E. Blackson was about eleven years old.   There is no presumption in the matter.   It is a question to be left entirely to the jury under proper instructions, and we think that in this sentence the court committed error prejudicial to plaintiff in error.

Further, on the question of the responsibility of children and their capacity for contributory negligence, the whole charge is

somewhat confused, and might very well have misled the jury.

We are therefore of opinion that the judgment herein should be reversed, and cause remanded for a new trial.

*Miller Outcalt,* for plaintiff in error.

*C. S. Sparks,* for defendant in error.

---

### NEGLIGENCE IN RIDING ON " BUMPER."

[Circuit Court of Franklin County.]

THE COLUMBUS RAILWAY COMPANY V. LEROY MUNS, AN INFANT.

Decided, March 27, 1905.

*Negligence—Street Railways—Riding on "Bumper"—Company Relieved of Liability for Accident, Unless—Custom not Proven by Occasional Instances.*

1. The "bumper" of an electric car is a place of manifest danger, and not designed for the use of passengers, nor is it a platform or step suitable or safe for a transferring passenger to use on his way to the inside of the car. To occupy it is negligence.

2. Hence a person with a "transfer" who steps upon a "bumper," thereby loses his rights to the high care due him as a passenger; and if, while in that position, he is injured by a colliding car from the rear, he is guilty of contributory negligence, and can not recover, except for willful negligence on the part of the railway company's agents.

3. Occasional instances of passengers riding upon the "bumper" without objection by conductors, do not prove a custom; and conduct so obviously negligent could not ripen into a custom binding upon anybody.

DUSTIN, J.; WILSON, J., and SULLIVAN, J., concur.

Leroy Muns, the defendant in error, a minor sixteen years of age, with a "transfer" in his hand mounted the rear "bumper" of a Columbus traction car. Before the car started, another car belonging to plaintiff in error and in charge of its officers and agents, but unmanageable by reason of a broken brake and a burnt-out fuse, rapidly descended a decline in the rear of the car upon which Muns was standing and bumped